**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Richard Gene CLAUSEN, Defendant—Appellant.**

No. 06–10605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 20, 2007.

Frederick A. Battista, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HUG, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM \*

Richard Gene Clausen appeals his conviction for conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 371, and dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). We affirm.

The district court did not abuse its discretion in denying Clausen's motion for a retrial. Assuming prosecutorial misconduct, the prosecutor's question about community safety was an isolated reference, the reference was stricken and a limiting instruction was given that neutralized any prejudicial effect, *see United States v. de Cruz*, 82 F.3d 856, 862 (9th Cir.1996), and it was "not outrageous enough to require a mistrial," *United States v. Yarbrough*, 852 F.2d 1522, 1539 (9th Cir.1988).

The district court's "wide discretion" to decide how to respond to questions from the jury, *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir.2003), was not abused by directing the jury back to the instructions they already received. Those instructions accurately stated the law and were sufficiently clear, whereas answering the question could have been misleading or confusing. *See id.* at 994–95.

Neither was it an abuse of discretion to exclude under Fed.R.Evid. 403 testimony concerning details of Daniel's death or Clausen's speculation about it. The court could well find that the excluded material was of minimal, if any, probative value in support of Clausen's defense; it would have taken the trial on a detour into

unrelated matters of proof; and its admission would have confused the issues, wasted time, and implicated other Rule 403 considerations. Because the district court's evidentiary ruling squarely permitted Clausen to prove motive, his contention that he was somehow precluded from presenting additional evidence on his theory that he was dealing in the guns as a protest and not for profit, fails. Finally, as the evidence was properly excluded under Rule 403, its exclusion did not violate Clausen's compulsory process rights. *See Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

AFFIRMED.